IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANICE WESTERFIELD WHITE, | ) | CASE NO. 1:11CV0450 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| MTGLO INVESTERS, L.P. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Ranice Westerfield White filed this action under the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Home Ownership Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, against MTGLO Investers, L.P. ("MTGLO"). She alleges that the Defendant failed to provide the Notice of Rescission form. The state court allegedly erred in granting summary judgement in favor of Defendant. In a Memorandum of Law in Support of a Motion to Dismiss Complaint ("Memorandum"), attached to her Complaint, Plaintiff states that she was the holder of a note at the time a foreclosure was initiated in the Common Pleas Court of Cuyahoga County, Ohio. Plaintiff exercised her statutory right to rescind to no avail. This matter is before the Court upon Motion of Defendant MTGLO to Dismiss Pursuant to Fed. R.Civ. P. 12(b)(1), (6). (Doc. 3). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2).

Rule 12(b)(1)

Federal Civil Rule 12(b)(1) allows the dismissal of an action where the court lacks jurisdiction over the subject matter of the complaint. The plaintiff has the burden of proving subject

matter jurisdiction. *Thomas v. Santore*, 2010 WL 427651 * 1 (E.D.Tenn., Feb. 2, 2010) (citing *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, defense, and it may be raised by any party at anytime, including *sua sponte* by this Court. *Von Dunser v. Aronoff,* 915 F.2d 1071, 1074 (6th Cir.1990).

Plaintiff refers to a loan and mortgage in her Memorandum. In fact, the Cuyohoga County Common Pleas Court Docket shows that foreclosure was granted on May 7, 2010. *MTGLO Investors, L.P. v. White*, Case No. CV-09-704460. In her Memorandum, she seeks to obtain dismissal of her state foreclosure case asserting that Plaintiff (MTGLO) does not have standing and lack subject matter jurisdiction. Motion, pg. 8. This Court cannot void the judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), *overruled*

*on other grounds by Coles v. Granville*, 448 F.3d 853 n.1 (6th Cir. 2006); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiff essentially questions the state court's decision granting a foreclosure. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against her. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Moreover, Plaintiff simply seeks to litigate matters which were raised or which should have been raised in the state court foreclosure proceeding. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. City of Springdale*, 53 Ohio St. 3d 60,

3

62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The state court has already granted judgment in favor of Defendant. This Court is bound to give full faith and credit to the decisions of that court.

Rule 12(b)(6).

When ruling on a Rule 12(b)(6) Motion to Dismiss, the Court must construe the Complaint liberally, in a light most favorable to the non-moving party. *Block v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). In determining a Motion to Dismiss for Failure to State a Claim, the allegations in the Complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976). The Court does not resolve contested facts or rule upon the merits of the case. *McIntosh v. Butler County Children's Services Bd.*, 2010 WL 1253545 * 1 (S.D. Ohio, Mar. 12, 2010) (citing *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 519 (S.D. Ohio, 1995)). Bare assertions of legal conclusions cannot satisfy federal notice pleading requirements. *Sogevalor SA. v. Penn Central Corp.,* 771 F.Supp. 890, 893 (S.D. Ohio, 1991). A Complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101 (6th Cir.1995); *McIntosh v. Butler County Children's Services Bd.*, 2010 WL 1253545 * 1 (S.D. Ohio, Mar. 12, 2010). The Court must "determine whether the Plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus,* 507 F.3d 383, 387-88

(6th Cir.2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir.2001)). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Complaint contains no facts. Attached to the Compliant is a Memorandum of Law in Support of a Motion to Dismiss. Plaintiff merely concludes that she is entitled to recision in regard to a loan and mortgage because of TILA and HOEPA violations. There is no information in the Complaint concerning the loan.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. For the above reasons, Defendants Motion to Dismiss is granted.

IT IS SO ORDERED.


Dated: May 5, 2011                                       *s/   James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE